UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.:    2:26-cv-05246-RAO                              Date:    June 1, 2026
Title:       M.P.P.P. v. Ernesto Santacruz, Jr., et al.

Present:        The Honorable    **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

              C. Delgado                                          N/A
              Deputy Clerk                          Court Reporter/Recorder: N/A

     Attorneys Present for Petitioner:           Attorneys Present for Respondents:
                 N/A                                          N/A

**Proceedings:**        (In Chambers) **ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS [1] AND DENYING AS MOOT EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [10]**

### I.    INTRODUCTION

Petitioner M.P.P.P. ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), on May 14, 2026.  Dkt. No. 1 ("Pet."). The Petition alleges violations of Petitioner's Fifth Amendment Rights to Procedural and Substantive Due Process; agency revocation procedures under 8 C.F.R. §§ 241.13 and 241.4; the Administrative Procedure Act; third-country removal procedures under 8 U.S.C. § 1231(b)(3) of the Immigration and Nationality Act ("INA"); FARRA and its implementing regulations; and the Due Process Clause.

The Court grants the Petition with respect to Petitioner's claim that the revocation of her order of supervision ("OSUP") violated 8 C.F.R. §§ 241.13 and 241.4 and ORDERS that Petitioner be released FORTHWITH.  The Court postpones ruling on the remaining claims raised in the Petition.  Petitioner's TRO Application is denied as Moot.

### II.    PERTINENT PROCEDURAL AND FACTUAL BACKGROUND

The Court incorporates the facts as set forth in the Petition regarding Petitioner's background and immigration history and does not repeat them here.

After the filing of the Petition, on May 20, 2026, Respondents Ernesto Santacruz, Jr., Field Office Director of Los Angeles Office of Detention and Removal; Todd M. Lyons, Acting Director, U.S. Immigration and Customs Enforcement ("ICE"); Markwayne Mullin, Secretary,

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   2:26-cv-05246-RAO                    Date:   June 1, 2026
Title:       M.P.P.P. v. Ernesto Santacruz, Jr., et al.

U.S. Department of Homeland Security ("DHS"); and Todd Blanche, Acting Attorney General of the United States (collectively, "Respondents") filed a Notice of Intended Removal and attached as an exhibit a Notification of Removal ("Notification").  Dkt. Nos. 9, 9-1.  The Notification states that Petitioner is scheduled for removal on May 23, 2026.  Dkt. No. 9-1.  The same date, Petitioner filed an Ex Parte Application for Temporary Restraining Order ("TRO Application").  Dkt. No. 10.

The Court set a briefing schedule for the TRO Application and enjoined Respondents from transferring, relocating, or removing Petitioner outside of the District.  Dkt. No. 11.  Respondents filed their opposition ("Opposition") on May 22, 2026, and attached as an exhibit a Notice of Revocation of Release ("Notice of Revocation").  Dkt. No. 14 ("Opp'n"); Opp'n Ex. E.  The Opposition also constitutes Respondents' Answer to the Petition.  Dkt. No. 17.  Petitioner filed her Reply on May 26, 2026.  Dkt. No. 15.

### III.     PETITIONER'S CLAIMS UNDER 8 C.F.R. §§ 241.13 AND 241.4

Petitioner argues that the revocation of her OSUP violates 8 C.F.R. §§ 241.13 and 241.4 because Respondents re-detained her without proper notice and without providing Petitioner a prompt informal interview.  *See* Pet. ¶¶ 92–98.  Petitioner cites authority establishing that government agencies must follow their own regulations, and that failure to do so renders actions unlawful.  *Id*.  Respondents' Opposition—which Respondents request the Court to consider as their Response to the Petition—did not meaningfully confront Petitioner's arguments.  *See generally* Opp'n.  Rather, Respondents contend that the "government has very broad authority to revoke supervised release that it has granted."  *Id.* at 5.

### A.     Respondents Violated 8 C.F.R. § 241.4

Section 1231 governs the arrest and detention of noncitizens who have been ordered removed.  8 U.S.C. § 1231.  The government has promulgated regulations concerning the release of noncitizens subject to a final removal order.  *See* 8 C.F.R. §§ 241.13, 241.4.  These regulations also govern the revocation of such noncitizens' release.  Both 8 C.F.R. § 241.4(l)(1) and § 241.13(i)(3) provide that, upon revocation of release, the noncitizen "will be notified of the reasons for revocation of his or her release," and will be given "an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:26-cv-05246-RAO                          Date:  June 1, 2026
Title:       M.P.P.P. v. Ernesto Santacruz, Jr., et al.

As noted, revocation of supervised release is governed by either 8 C.F.R. § 241.4 or 8 C.F.R. § 241.13.  Section 241.4(l) states that release may be revoked when a noncitizen violates the conditions of release, the purposes of release have been served, it is appropriate to enforce a removal order, or it is indicated that release is no longer appropriate.  Section 241.13(i) states that release may be revoked when the noncitizen has violated the conditions of release or there is a significant likelihood that the noncitizen may be removed in the reasonably foreseeable future.  Both regulations require that the noncitizen be notified of the reasons for the revocation of her release and promptly afforded an informal interview to give her an opportunity to respond to the reasons for revocation.  *See* 8 C.F.R. §§ 241.4(l)(1), 241.13(i)(3).  While § 241.4(l)(2) permits revocation in the discretion of the revoking official when an alien falls into one of the four enumerated categories, § 241.13(i) permits revocation only if (1) the alien "violates any of the conditions of release," or (2) "on account of changed circumstances, [ICE] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future."  *Id.* § 241.13(i)(1)–(2).

It is undisputed that Petitioner is subject to a final removal order and that 8 U.S.C. § 1231(a)(6) governs her detention.  *See* Pet. ¶ 78; Pet. Ex. 1; Opp'n at 2; Opp'n Ex. H.  Here, the Notice of Revocation references 8 C.F.R. § 241.4, indicating that ICE released Petitioner pursuant to Section 241.4.  *See* Opp'n Ex. E.  According to the record here, Respondents provided Petitioner with the Notice of Revocation and an informal interview on May 14, 2026.  Opp'n Exs. E, F.

For the reasons set forth below, Respondents did not comply with 8 C.F.R. § 241.4.

  *i.*  *Notice of Revocation*

Under DHS's regulations, DHS may revoke the release of a noncitizen in Petitioner's position if an official determines that 1) "[t]he purposes of release have been served," 2) "[t]he alien violate[d] any condition of release," 3) "[i]t is appropriate to enforce a removal order or to commence removal proceedings against an alien," or 4) "[t]he conduct of the alien, or any other circumstance, indicates that release would no longer be appropriate."  8 C.F.R. § 241.4(l)(2).  Further, when DHS revokes a noncitizen's release, the noncitizen "will be notified of the reasons for revocation."  *Id.* § 241.4(l)(1).

Here, the Notice of Revocation failed to meaningfully notify Petitioner "of the reasons for revocation."  8 C.F.R. § 241.4(l)(1).  The Notice of Revocation provided to Petitioner stated only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.:   2:26-cv-05246-RAO                          Date:   June 1, 2026
Title:        M.P.P.P. v. Ernesto Santacruz, Jr., et al.


that her release was revoked under § 241.4(l) because ICE determined "[i]t is appropriate to enforce the removal order entered against you as ICE has the ability and means to effectuate your removal." *See* Opp'n Ex. E at 1. It further states that "[o]n February 27, 2023, [Petitioner was] ordered removed to El Salvador, but [she was] granted withholding of removal to El Salvador. [Her] case is under review for removal to an alternate country." *Id*. The Notice of Revocation identified no concrete facts supporting revocation and did not specify the third country to which ICE expected to remove Petitioner. *Id*. "[C]ourts in this district and across the country have held that such vague, boilerplate statements are insufficient notice." *Gutnik v. Bondi*, No. CV 26-908-WLH (ACCV), 2026 WL 700546, at *2 (C.D. Cal. Mar. 5, 2026) (collecting cases and finding similar language insufficient under § 241.4); *see also Martinez v. Noem*, No. CV 26-361-KK (DTB) 2026 WL 538034, at *6 (C.D. Cal. Feb. 23, 2026). Consequently, these dubious and conclusory assertions do not identify any specific "changed circumstances" or otherwise explain why Petitioner's OSUP is being revoked. Without that information, Petitioner lacked a meaningful opportunity to understand or object to the government's basis for revocation. *Morales Sanchez v. Bondi*, No. CV 25-2530-AB (DTB), 2025 WL 3651899, at *5 (C.D. Cal. Dec. 5, 2025) (concluding that a generic notice of revocation that failed to provide any meaningful explanation for the revocation is insufficient to satisfy DHS's own regulations and basic due process protections). In sum, the Notice of Revocation's contents do not provide statutorily adequate notice.

    ii.  *Informal Interview*

  Under 8 C.F.R. § 241.4(l)(1), which is entitled "Violation of conditions of release":

> Any alien described in paragraph (a) or (b)(1) of this section who has been released under an order of supervision or other conditions of release who violates the conditions of release may be returned to custody ... Upon revocation, the alien will be notified of the reasons for revocation of his or her release or parole. The alien will be afforded an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for notification stated in the notification.

  Here, the informal interview occurred on the same day that Respondents served the Notice of Revocation and arrested Petitioner—May 14, 2026. *See* Opp'n Ex. F; Opp'n at 4. Courts considering similar circumstances have raised concerns with statutory compliance and due process where the government conducts the informal interview immediately upon issuing a notice of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:    2:26-cv-05246-RAO                              Date:    June 1, 2026
Title:          M.P.P.P. v. Ernesto Santacruz, Jr., et al.

revocation, thereby "essentially bar[ring] the noncitizen from being able to submit any evidence or information that may show that the revocation of their release is unlawful." *Kiwana v. LaRose*, No. CV 25-3678-JES (SBC), 2026 WL 102661, at *6 (S.D. Cal. Jan. 14, 2026); *see also Abdullah v. Noem*, No. 26-176-BJC (BLM), 2026 WL 559774, at *3 (S.D. Cal. Feb. 27, 2026). "What results from such a situation is a deprivation of any 'meaningful opportunity' for a petitioner to be heard on the incredibly important issue of re-obtaining their freedom." *Minassi v. Noem*, No. CV 26-00723-RGK (AYP), 2026 WL 923289, at *7 (C.D. Cal. Apr. 1, 2026) (citations omitted).

Even assuming the informal interview had been conducted in compliance with 8 C.F.R. § 241.4, Petitioner would not have been able to respond meaningfully to the reasons for the revocation of her OSUP because ICE did not provide sufficient notice explaining the reasons for the revocation. *See* Opp'n. Ex. E. Further, Petitioner does not understand English, "does not read in any language," and the government did not provide translated documents nor an interpreter. *See* Opp'n. Exs. E, F; Reply at 10. This exacerbates Petitioner's inability to respond to the Notice of Revocation. Indeed, "[a] failure to provide meaningful notice begets a failure to provide a meaningful opportunity to respond." *Villalobos Sanchez v. Noem*, No. CV 26-559 JLS (MMP), 2026 WL 446242, at *3 (S.D. Cal. Feb. 17, 2026); *see Kiwana*, 2026 WL 102661, at *5 (ICE's failure to provide a sufficient explanation for revocation, to the extent it provided one at all, deprived petitioner of the opportunity to adequately respond); *Morales Sanchez*, 2025 WL 3651899, at *6 ("ICE also failed to identify any specific changed circumstances, leaving Petitioner unable to meaningfully respond."); *Martinez*, 2026 WL 538034, at *6 (finding that "[r]espondents failed to provide adequate notice of the grounds for [the petitioner's] re-detention, thus, denying [the petitioner] a meaningful 'opportunity to respond to the reasons for revocation'" when the record indicated that the petitioner "does not understand English, and neither translated documents nor an interpreter were provided" (citations omitted)). Thus, Respondents violated their own regulations in re-detaining Petitioner without providing her a meaningful opportunity to contest the revocation of her OSUP.

### iii.    *Authority to Revoke Supervision*

Under § 241.4, release previously granted may be revoked by the "Executive Associate Commissioner" or the "district director ... when, in the district director's opinion, revocation is in the public interest and circumstances do not reasonably permit referral of the case to the Executive Associate Commissioner." 8 C.F.R. § 241.4(l)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:26-cv-05246-RAO                    Date:  June 1, 2026
Title:       M.P.P.P. v. Ernesto Santacruz, Jr., et al.

To the extent that § 241.4 provides the grounds for the revocation of Petitioner's OSUP—as is designated in the Notice of Revocation itself—there is no evidence that the revocation decision was made by an official vested with the requisite authority. *See Ceesay v. Kurzdorfer*, 781 F. Supp. 3d 137, 160 (W.D.N.Y. 2025) (holding that the "Executive Association Commissioner" referenced in § 241.4(l) now refers to the "Executive Associate Director of ICE"). Here, the Notice of Revocation notice was signed by "N. McKenna," an "SDDO," or Supervisory Detention and Deportation Officer. *See* Opp'n. Ex. E. at 2. A Supervisory Detention and Deportation Officer is not one of the officials identified in the regulation. *Gazazyan v. Bondi*, No. CV 25-2599-SRM (DTB), 2025 WL 3898484, at *6 (C.D. Cal. Nov. 7, 2025) (concluding that "Supervisory Detention Deportation Officer" likely did not have authority to revoke release under § 241.4(l)(2)). "[S]everal federal courts ... have held that a failure to adhere to the requirement that an Executive Associate Director or a Field Office Director make the determination to revoke release in compliance with 8 C.F.R. § 241.4 violates due process and thus mandates release." *Santamaria Orellana v. Baker*, No. CV 25-1788-TDC, 2025 WL 2841886, at *4 (D. Md. Oct. 7, 2025).

Taken together, these deficiencies demonstrate that Respondents violated 8 C.F.R. § 241.4.

B.       Petitioner is Entitled to Release

Here, Petitioner seeks, *inter alia*, the following relief: "Issue a Writ of Habeas Corpus; determine that Petitioner's detention is in violation of her right to procedural due process, her right to substantive due process, the Administrative Procedures Act, and Title 8 of the Code of Federal Regulations; and order for the Petitioner to be immediately released." Pet. at 15. Respondents urge that even if Petitioner substantiates a violation of a particular regulatory procedure here, the appropriate remedy would be to rectify that specific procedural issue, rather than order Petitioner's release. Opp'n at 5–6. However, courts confronted with similar facts have concluded that re-detention is unlawful and have ordered release. *See Gutnik*, 2026 WL 700546, at *3; *see also Delkash v. Noem*, Case No. CV 25-1675-HDV (AGR), 2025 WL 2683988, at *5 (C.D. Cal. Aug. 28, 2025) (collecting cases that have "unequivocally found that the government's failure to follow its release revocation procedures ... renders the re-detention unlawful"); *Phan v. Noem*, No. CV 25-2422-RBM (MSB), 2025 WL 2898977, at *3 (S.D. Cal. Oct. 10, 2025) ("ICE failed to comply with the required procedures, thereby violating Petitioner's due process rights."); *Hoac v. Becerra*, No. CV 25-1740-DC (JDP), 2025 WL 1993771, at *5 (E.D. Cal. July 16, 2025) ("[T]he court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:26-cv-05246-RAO                    Date:  June 1, 2026
Title:         M.P.P.P. v. Ernesto Santacruz, Jr., et al.

concludes that Petitioner has shown a likelihood of success on the merits of his claims that his re-detainment is unlawful because ICE has not complied with the controlling regulations to re-detain him.").    Consequently, the Court finds that Petitioner's immediate release is required to meaningfully remedy the regulatory violations concerning the revocation of her release.

### IV.    CONCLUSION

For the reasons set forth above, Respondents must IMMEDIATELY RELEASE Petitioner M.P.P.P. (A#201110218) from custody.[1]   At the time of release, Respondents must return any confiscated property and documents to Petitioner.  Respondents must file a notice of compliance with this Order by June 4, 2026.

It is FURTHER ORDERED that the parties shall file a joint report <u>by no later than</u> June 15, 2026, providing the Court with an update of the status of Petitioner's third-country credible fear screening process and any other relevant developments in Petitioner's immigration case. Because the instant action remains pending, Respondents continue to be enjoined from transferring, relocating, or removing Petitioner outside of the District.

Petitioner's TRO Application is denied as Moot.

**IT IS SO ORDERED.**

:
Initials of Preparer          cd

---

[1] Consistent with a new protocol implemented in the Central District of California on June 1, 2026, the Court includes Petitioner's A-number in the "Conclusion" section of this Order.  The Clerk's Office is directed to copy and paste this language into the text of an electronic message to be sent to the Adelanto Detention Center to effectuate Petitioner's immediate release.